DECISION
Plaintiff appeals concerning certain personal income tax matters for the 2004 tax year.
A case management conference was convened on January 27, 2009. Heather Rose participated on her own behalf. Appearing for Defendant was Jared Houser, tax auditor. Subsequently, written submissions were filed; the record closed April 22, 2009.
 I. STATEMENT OF FACTS
Plaintiff was married to David C. Simmons (Simmons) on July 11, 1998. They became legally separated on February 11, 2004; they never again resided together. On March 1, 2005, Plaintiff filed a joint (married) 2004 tax return with Simmons; she stated she believed there were no other options available.
On February 9, 2007, Plaintiff's divorce decree was signed. Later, on April 11, 2007, Plaintiff filed an amended 2004 Oregon tax return now claiming a "Head of Household" status. That was rejected by Defendant in a Notice of Refund Denial dated September 16, 2008.
The record was left open for several weeks for Plaintiff to provide any evidence that the federal IRS allowed a similar change in filing status for 2004. Nothing was received to establish the change was allowed for the federal tax return. *Page 2 
 II. ANALYSIS
Plaintiff would have qualified for Head of Household status had she originally claimed that on her first return. Although perhaps not fully informed, she did file officially a joint return based on her married status for 2004. Once that initial choice has been made, it cannot be changed after the original filing deadline of April 15, 2005, has passed.
IRC Treasury Regulation 1.6013-1 commands that "[f]or any taxable year with respect to which a joint return has been filed, separate returns shall not be made by the spouses after the time for filing the return of either has expired."
Despite claims to the contrary, there is no proof that a federal change was allowed or that an Internal Revenue Service appeal was ever perfected. Plaintiff has not shown the Oregon refund denial to be incorrect or improper.
Plaintiff has the burden of proof and must establish her case by a "preponderance" of the evidence. See ORS 305.427 (2007). A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312
(1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." Reed v. Dept. ofRev., 310 Or 260, 265, 798 P2d 235 (1990). Plaintiff has not met that statutory requirement in this record. *Page 3 
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on June 19,2009. The court filed and entered this document on June 19, 2009.